UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                   Criminal Case No. 20-20451-1

v.                                  Honorable Linda V. Parker

NABIL MOHSEN-MOHSEN AL-SUBARI,

        Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S EMERGENCY MOTION FOR SENTENCE MODIFICATION UNDER 18 U.S.C. § 3582(c)(1)(A) OR TO STAY HIS DUE DATE TO REPORT TO THE BUREAU OF PRISONS

This matter is presently before the Court on Defendant's emergency motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) or stay his reporting date for seven days, filed April 28, 2023. (ECF No. 53.) The Government has not yet responded to the motion but the Court finds no response necessary. For the reasons set forth below, the Court is denying the motion.

### Background

On March 25, 2022, Defendant pled guilty pursuant to a Rule 11 Plea Agreement to one count of Health Care Fraud in violation of 18 U.S.C. § 1347. (ECF No. 26.) On August 29, 2022, this Court sentenced Defendant to a term of imprisonment of six months, followed by a one-year term of supervised release.

(ECF No. 37.)  Defendant initially was scheduled to surrender to the Bureau of Prisons to serve his sentence on November 21, 2022.  (*See* ECF No. 40.)  Less than two weeks before Defendant's reporting date, the parties stipulated to an order extending the date to "a date at the beginning of 2023."  (*Id*.)

Defendant was scheduled to report to serve his sentence at the Milan Federal Correctional Institution on January 4, 2023.  (*See* ECF No. 46.)  Shortly before that date, however, Defendant asked the Court to recommend FCI Morgantown as his designated institution.  (*Id*.)  The Court granted the request and extended Defendant's reporting date to March 7, 2023, "to provide the Bureau of Prisons with sufficient time to determine whether it is appropriate to redesignate defendant to FCI Morgantown."  (*Id*. at Pg ID 341.)

Shortly before March 7, Defendant again sought to delay his reporting date by filing an unopposed motion to extend the date due to the period of Ramadan from March 23 until the evening of April 20.  (ECF No. 49.)  The Court granted Defendant's motion, and extended the date for him to report to FCI Morgantown to May 2 at 12:00 p.m.  (ECF No. 40.)  Four days before that deadline, Defendant filed the pending motion asking the Court to modify his sentence to home confinement due to extraordinary and compelling circumstances.  (ECF No. 53.)

### Applicable Law and Analysis

Under § 3582(c)(1)(A), a district court may reduce a defendant's sentence but only if it finds that "extraordinary and compelling reasons warrant such a reduction" and that the relevant § 3553(a) factors support the reduction.  18 U.S.C. § 3582(c)(1)(A).  The defendant bears the burden of proving that "extraordinary and compelling reasons" exist to justify relief.  *United States v. Rodriguez*, 896 F.2d 1031, 1033 (6th Cir. 1990).  Sentence modifications are the exception, not the rule."  *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021).  "This is because a judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances."  *Id.* (internal quotation marks and citations omitted) (cleaned up).

Congress has not defined what constitute "extraordinary and compelling reasons" under § 3582(c)(1)(A), however, the Sixth Circuit Court of Appeals has provided some guidance to district courts in exercising their discretion under the statute.  For example, the Sixth Circuit has provided that the words "have their 'ordinary meaning at the time Congress enacted the statute.'"  *Hunter*, 12 F.4th at 562 (quoting *New Prime Inc. v. Oliveira*, -- U.S. --, 139 S. Ct. 532, 539 (2019)).  When Congress enacted the statute, " 'extraordinary' was understood to mean 'most unusual,' 'far from common,' and 'having little or no precedent.' . . .

3

'Compelling' meant 'forcing, impelling, driving.'" *Id.* (quoting Webster's Third

New International Dictionary: Unabridged 807 (1971)).  The Sixth Circuit also has

provided that the extraordinary and compelling circumstances must be based "on

post-sentencing factual developments." *Id*. at 569-70.  "A court must first find that

the facts of the defendant's personal circumstances changed after sentencing in a

way that is 'extraordinary and compelling,' before a court is permitted to weigh (or

revisit) the  § 3553(a) factors." *Id*. at 569 (citing *Setser v. United States*, 566 U.S.

231, 243 (2012)).

Most of the circumstances described in Defendant's pending motion do not

constitute post-sentencing factual developments.  This Court was presented with

and considered many of the circumstances when sentencing Defendant to a term of

imprisonment of six months—well below the guidelines range of 37-46 months.

(*See* ECF Nos. 39, 43.)  This included Defendant's character and background, lack

of a criminal record, and the financial support he provides for his immediate and

extended family.  The health condition of Defendant's father also was raised.  (*See*

ECF No. 39 at Pg ID 296.)  Defendant's eldest son's 2021 motorcycle accident and

asserted mild traumatic brain injury from that accident were not raised prior to

sentencing, *but* they occurred well before sentencing.  In other words, neither are

post-sentencing factual developments.

The on-going medical care Defendant now asserts his son requires and the decline in his father's health may be developments since sentencing.  However, they do not constitute extraordinary or compelling reasons to modify Defendant's sentence to home confinement or further delay his reporting date.

Accordingly,

**IT IS ORDERED** that Defendant's emergency motion to modify his sentence or to stay his reporting date (ECF No. 53) is **DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: April 28, 2023